# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>NORTHWELL HEALTH PHYSICIAN PARTNERS, INC. and DOES 1 through 10 inclusive,<br><br>　　　　　　　　Defendants. | Case No. 1:26-cv-3290<br><br>**COMPLAINT**<br><br>(1) **COPYRIGHT INFRINGEMENT**<br>(2) **REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Tamara Williams, alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the state of New York,

1
COMPLAINT

Defendant's acts of infringement were directed towards the state of New York, Defendant caused injury to Plaintiff within the state of New York, and Defendant has a physical presence in the state of New York.

4.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5.      Plaintiff Tamara Wareka p/k/a Tamara Williams ("Williams") is an individual and professional photographer by trade.

6.      Defendant, Northwell Health Physician Partners, Inc. ("Northwell" or "Defendant") is a New York corporation with a principal place of business in New York, New York.

7.      Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and, on that basis, alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants, and all fictitiously named Defendants.

COMPLAINT

8.    For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS
### *Plaintiff, Tamara Williams*

9.    Tamara Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for her natural and clean portraiture featured on her highly popular Instagram account @tamarawilliams, which has amassed almost 600,000 followers.

10.    Williams' work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Clare, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her work has been used commercially by brands such as NARS, KKW, Fenty, and Benefit.

11.    Tamara Williams' livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Tamara Williams' work deters would-be infringers from copying and profiting from his work without permission.

12.    Williams' works often contain a watermark of her previous Instagram handle "@tamarawilliams1" or, alternatively, her updated Instagram handle "@tamarawilliams" ("Plaintiff's Watermark").

COMPLAINT

13.     Tamara Williams is the sole author and exclusive rights holder to a close-up Angelia Photograph of a blue-eyed model with a blonde strand of hair in front of her face ("Angelia Photograph").

14.     Williams' Angelia Photograph, as originally published, contained Plaintiff's Watermark.

15.     Attached hereto as Exhibit A is a true and correct copy of the Angelia Photograph.

16.     Tamara Williams registered Angelia Photograph with the United States Copyright Office under Registration Number VA 2-259-542 with an Effective Date of Registration of July 13, 2021.

***17.***     Attached hereto as Exhibit B is a true and correct copy of Registration Certificate VA 2-259-542.

### *Defendant, Northwell Health Physician Partners, Inc., and Willful Infringement*

18.     Defendant Northwell Health Physician Partners, Inc. is a medical conglomerate affiliated with many medical practices across the state of New York. *See generally https://www.northwell.edu/.*

19.     Defendant Northwell Health Physician Partners, Inc. owns and operates the practice Garden OB/GYN, which has multiple locations in New York, New York. *See generally https://www.gardenobgyn.com/.*

COMPLAINT

20. Defendant Northwell d/b/a Garden OB/GYN, operates medical spas out of the same offices under the name "Garden Plastic Surgery and MedAesthetics."

21. Defendant Northwell maintains a Yelp account for Garden Plastic Surgery and MedAesthetics https://www.yelp.com/biz/garden-plastic-surgery-and-medaesthetics-new-york-2 ("Med Spa Yelp Account").

22. The Med Spa Yelp Account states that "Garden Plastic Surgery and MedAesthetics is an aesthetics clinic affiliated with Garden OB/GYN."

23. Attached hereto is Exhibit C is a true and correct screenshot of the MedSpa Yelp Account affirming the affiliation to Garden OB/GYN, which is owned and operated by Defendant Northwell.

24. Therefore, Defendant Northwell owns, operates, and does business as Garden Plastic Surgery and MedAesthetics.

25. Northwell manages, operates, and controls the Instagram account @gardenplasticsurgery https://www.instagram.com/gardenplasticsurgery/ ("MedSpa Instagram Account").

26. On information and belief, MedSpa Instagram Account generates content to promote Defendant(s)' products and services, attract social media followers and user traffic to the Defendant's main webpage, and generate profit and revenue for the company and its owner(s).

27.    At all relevant times, Northwell had a direct financial interest in the content and activities of the MedSpa Instagram Account, including the activities alleged in this Complaint.

28.    At all relevant times, MedSpa Instagram Account was readily accessible to the general public throughout New York, the United States, and the world.

29.    On or about August 14, 2024, Tamara Williams discovered her Angelia Photograph copied and published on MedSpa Instagram Account as part of a collage advertising a "Summer Special" for 20% off Botox and filler ("Infringing Post").

30.    The Infringing Post caption reads "Come and experience our injectable treatments that'll leave you feeling beautiful inside and out. Take advantage of our monthly promo for treatments that'll leave you feeling rejuvenated, refreshed, and ready to face the world! Don't miss out, call our DM is today to book your appointment!"

31.    Attached hereto as Exhibit D are true and correct screenshots of MedSpa Instagram Account showing the Infringing Post.

32.    In the Infringing Post, Defendant has blurred out Plaintiff's Watermark, so it is no longer visible to viewers of the Angelia Photograph in the Infringing Post. *See* Exhibit D.

33.     Attached hereto as Exhibit E is a side-by-side of the Angelia Photograph with Plaintiff's Watermark and the Angelia Photograph as used in the Infringing Post, showing that Plaintiff's Watermark has been covered or otherwise obscured via blurring by Defendant.

34.     Tamara Williams has never at any point granted Northwell a license or other permission to copy, display, distribute, or otherwise use the Angelia Photograph in the Infringing Post on MedSpa Instagram Account or elsewhere.

35.     Northwell, including its employees, agents, contractors, or others over whom it has responsibility and control, copied and uploaded the Angelia Photograph to MedSpa Instagram Account without Tamara Williams' consent or authorization.

36.     Williams is informed and believes that the purpose and use of the Angelia Photograph on MedSpa Instagram Account was to promote and encourage the sale and use of Defendant's spa services by providing high-quality, professionally-produced photographs to assist the viewer in visualizing the results that could be achieved by using Defendant's services.

37.     Williams is informed and believes that Defendant, including its employees, agents, contractors, or others over whom it has responsibility and control, used, displayed, published and otherwise held out to the public Williams' original and unique Angelia Photograph for commercial benefit in order to acquire

7
COMPLAINT

a direct financial benefit, through revenue from the sales of Defendant's services, from use of the Angelia Photograph.

38.    On information and belief, Defendant's use of the Angelia Photograph was deliberate and willful because it knew or should have known that it did not purchase a license to use the Angelia Photograph in the Infringing Post on MedSpa Instagram Account or in any other way.

39.    Soon after discovering the Infringing Post, Tamara Williams, through counsel, reached out to Defendant to have the Angelia Photograph removed and to attempt to resolve this matter without court intervention, but Defendant was unresponsive to Plaintiff's attempts at contact.

40.    As of May 29, 2026, the Infringing Post is still active on the MedSpa Instagram Account.

41.    Attached hereto as Exhibit F is a true and correct screenshot of the continued use of the Angelia Photograph in the Infringing Post on the MedSpa Instagram Account on May 29, 2026.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq***

42.    Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

43.    Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Angelia Photograph.

COMPLAINT

44.    Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Angelia Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Angelia Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing Post.

45.    Northwell, including its employees, agents, contractors or others over whom it has responsibility and control, copied and uploaded the Angelia Photograph to MedSpa Instagram Account without Tamara Williams' consent or authorization.

46.    Northwell, including its employees, agents, contractors or others over whom it has responsibility and control, willfully uploaded the Angelia Photograph onto MedSpa Instagram Account because Northwell knew it did not have permission to use the Angelia Photograph.

47.    Northwell, including its employees, agents, contractors or others over whom it has responsibility and control, used, displayed, published, and otherwise held out to the public Wiliams' original Angelia Photograph through their unauthorized use in the Infringing Post on MedSpa Instagram Account without Tamara Williams' consent or authorization.

48.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory

COMPLAINT

damages in an amount pursuant to 17 U.S.C. § 504(c).

49.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

50.    Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION
### 17 U.S.C. § 1202(b)

51.    Williams incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52.    Defendant, including its employees, agents, contractors, or others over whom it has responsibility and control, knowingly and intentionally removed copyright management information related to the Angelia Photograph.

53.    Specifically, Defendant made unauthorized copies of the Angelia Photograph, and knowing it was not the rightful copyright owner and did not have permission from the owner of the Angelia Photograph, removed Plaintiff's Watermark from the Angelia Photograph before publishing the Angelia Photograph to MedSpa Instagram Account. *See* Exhibit E.

54.    By posting the Infringing Post to MedSpa Instagram Account, Defendant distributed their unauthorized copy of Plaintiff's Angelia Photograph, on

which they had removed the copyright management information by obscuring Plaintiff's Watermark.

55. Defendant's conduct was knowing and intentional because Defendants knew that they were not the copyright owner of the Angelia Photograph; Defendant knew they had not licensed the Angelia Photograph for use on the MedSpa Instagram Account and Defendant knew they did not have consent to use the Angelia Photograph for use on the MedSpa Instagram Account or any other platform.

56. Defendant knowingly and intentionally removed copyright management information by obscuring Plaintiff's Watermark with the intention of concealing, furthering, facilitating, inducing, or otherwise enabling their infringing activity, which is the distribution of the Infringing Post.

57. Defendant's conduct constitutes a violation of 17 U.S.C. § 1202(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Angelia Photograph by copying, displaying, and distributing the Infringing Post without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an

award for statutory damages against Defendant in an amount pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For a finding that Defendants intentionally removed copyright management information on the Angelia Photograph without the authority of the copyright owner or law pursuant to 17 U.S.C. § 1202(b);

- For an award of statutory damages for each violation of § 1202(b), in an amount pursuant to 17 U.S.C. § 1203(c)(3)(B);

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For pre-judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: June 3, 2026                                  Respectfully submitted,

**/s/ Taryn R. Murray**
Taryn R. Murray, Esq.
EDNY #5888896
HIGBEE & ASSOCIATES
3110 W Cheyenne Ave Suite 200,
Las Vegas, NV 89032
(813) 710-3013
(714) 597-6559 facsimile
tmurray@higbee.law
*Counsel for Plaintiff*

12
COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff Tamara Williams hereby demands a trial by jury in the above matter.

Dated: June 3, 2026

Respectfully submitted,

**/s/ Taryn R. Murray**
Taryn R. Murray, Esq.
EDNY #5888896
HIGBEE & ASSOCIATES
3110 W Cheyenne Ave Suite 200,
Las Vegas, NV 89032
(813) 710-3013
(714) 597-6559 facsimile
tmurray@higbee.law
*Counsel for Plaintiff*

13
COMPLAINT